11 APR 28 PM 2:44

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>**Nicholas John Altieri,**<br><br>　　　　　Debtor. | Chapter 7<br>Case No. 11-12819 (DHS) |
| **Mark & Shana Holden,**<br><br>　　　　　Plaintiffs;<br><br>v.<br><br>**Nick Altieri,**<br><br>　　　　　Defendant. | Adversary Proceeding No. 11-1196<br><br>Hearing Date: May 3, 2011<br>Oral Argument Requested |

BRIEF IN OPPOSITION TO DEBTOR'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT

LAW OFFICES OF JEFFREY M. BLOOM
Jeffrey M. Bloom
5700 Bergenline Avenue
West New York, New Jersey 07093
201 868 9300

*Attorneys for Plaintiffs*

　*and*

Joseph A. Bahgat (JB1066)
96 Paterson Street
P.O. Box 587
New Brunswick, New Jersey 08903-0587
732 733 2385

*On the Brief*

## PRELIMINARY STATEMENT

The Holdens' interest in this case stems from debtor Nick Altieri's fraudulent conduct in connection with the parties' contract to renovate the Holdens' home. Although the underlying claim and conduct were directly related to fraud, the issue before this Court is not, because a state court of competent jurisdiction already made the requisite findings, and entered judgment against Mr. Altieri. In this matter, the Holdens are requesting relief under Section 523(a) of the Bankruptcy Code, based on Mr. Altieri's prior fraudulent conduct, which the trial court found as a matter of law.

Counsel for Mr. Altieri fails to cite any authority, from any jurisdiction, that suggests even an inference that the Holdens' complaint is insufficient. Furthermore, neither in this proceeding nor in any of the proceedings before the trial court, did Mr. Altieri or his counsel object to the trial court's findings, or generally deny the allegations of fraud.

Because the complaint sufficiently puts Mr. Altieri on notice of the nature of the claim against him, this Court should overrule the motion to dismiss, and allow the matter to proceed.

## FACTUAL & PROCEDURAL BACKGROUND

The relevant facts are succinctly provided in Mr. & Mrs. Holden's complaint; the debtor, Nick Altieri, does not dispute any of these facts in his motion to dismiss:

The Holdens contracted with Mr. Altieri to perform major renovations on their Upper Saddle River home.[1] The parties entered into a written contract, Mr. Altieri had written drawings or plans de-

---

[1] (Compl. ¶ 7.)

scribing the work he was to perform, and the Holdens paid him money to get started.[2] For unknown reasons, Mr. Altieri abandoned the renovation project, and disappeared with the Holden's money.[3]

The Holdens filed claims against Mr. Altieri under New Jersey's Consumer Fraud Act (NJCFA), and in October 2008, the Superior Court of New Jersey for the Bergen Vicinage ultimately entered judgment against Mr. Altieri for $1,228,603.70.[4] The Holdens were unsuccessful in their attempts to collect the judgment, and Mr. Altieri spent a week in Bergen County lockup for his failure to comply with the trial court's orders.[5] Mr. Altieri was supposed to appear for deposition approximately two weeks after his release from jail, but he didn't show up, instead filing the underlying bankruptcy petition with this Court on January 31, 2011.[6]

The Holdens timely filed their complaint in this adversary proceeding on February 18, 2011, to which counsel for Mr. Altieri filed a motion to dismiss for failure to state a claim, on or about April 5, 2011.

## ARGUMENT

### 1. Standard of Review

A motion to dismiss tests the sufficiency of the complaint, which matters not whether the plaintiff will ultimately succeed on the merits of any claims presented; the question that the reviewing

---

[2] (See id.)
[3] (See id.)
[4] (Compl. ¶¶ 8, 9.)
[5] (Compl. ¶¶ 10, 11.)
[6] (Id. ¶ 11.)

court asks when deciding a motion to dismiss is whether the claimant is entitled to offer evidence to support the claims presented in the complaint.[7] To test the sufficiency of the complaint, the reviewing court "must take all of the well pleaded allegations of the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any circumstances, the plaintiff might be entitled to any relief."[8] Because of the extreme deference given to the facts pleaded in the complaint, review of a motion to dismiss is extremely limited, and is performed without considering any evidence, affidavits, or admissions.[9]

Such a review of the complaint in this adversary proceeding withstands such a test, and compels the Court to overrule the motion to dismiss.

2. THE COMPLAINT SETS FORTH FACTS THAT ENTITLE THE HOLDENS TO THE RELIEF REQUESTED, GIVES MR. ALTIERI ENOUGH INFORMATION TO PREPARE A RESPONSIVE PLEADING, AND SUFFICIENTLY PUTS HIM ON NOTICE OF THE NATURE OF THE CLAIM AGAINST HIM.

Irrespective of the subtle differences in the pleading standards promulgated by Civil Rule 8—before and after *Bell Atl. Corp. v. Twombly*[10]—and Civil Rule 9, a complaint is generally sufficient when it puts the defendant on notice of the claims against him, and provides enough information so that the defendant can file a response to the plaintiff's allegations. The Federal Rules of Bankruptcy

---

[7] *See generally Rogin v. Bensalem Twp.*, 616 F.2d 680, 685 (3d Cir. 1980) (citations omitted).

[8] *Helstoski v. Goldstein*, 552 F.2d 564, 565 (3d Cir. 1977).

[9] *See id.*

[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Procedure— and more specifically, the rules governing pleadings in adversary proceedings, such as this one[11]— incorporate by reference Rules 8 and 9 of the Federal Rules of Civil Procedure.[12] For example, Bankruptcy Rule 7008 incorporates Civil Rule 8 (General Rules of Pleading), and Rule 7009 incorporates Civil Rule 9.[13]

Federal Rule 8(a) states that a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard is referred to as *notice pleading*, which replaced the prior, more cumbersome practice of fact pleading.[14] Until four years ago, the prevailing standard of review for testing the sufficiency of a civil complaint was whether it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."[15] Then, in *Bell Atl. Corp. v. Twombly*, the U.S. Supreme Court narrowed its interpretation of how much factual detail is required under the Federal Rules.[16]

But the Court did not abrogate notice pleading altogether.[17] In fact, the *Twombly* Court specifically stated that complaints do not need "detailed factual allegations" to withstand a motion to dismiss. What *Twombly* held was that "a plaintiff's obligation to provide the

---

[11] Fed. R. Bankr. P. 7001.

[12] Fed. RR. Bankr. P. 7008 & 7009.

[13] *See ibid.*

[14] *See generally Thomson v. Washington*, 362 F.3d 969, 970 (7th Cir. 2004) (Posner, J.) ("The Federal Rules replaced fact pleading with notice pleading.").

[15] *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), *abrogated by Bell Atl. Corp. v. Twombly, supra*, 550 U.S. at 555.

[16] *See, e.g., Iqbal v. Hasty*, 490 F.3d 143, 157 n. 7 (2d Cir. 2007) ("[I]t would be cavalier to believe that the Court's rejection of the 'no set of facts' language from *Conley* ... applies only to section 1 antitrust claims.").

[17] *See id.*

grounds of his entitlement to relief requires more than [legal] labels and conclusions, and a formulaic recitation of the elements of a cause of action."[18] The Second Circuit recognized this in *Iqbal v. Hasty*,[19] and the Third Circuit recognized it in *Phillips v. County of Allegheny*:

> [T]he Supreme Court never said that it intended a drastic change in the law, and indeed strove to convey the opposite impression; even in rejecting *Conley's* "no set of facts" language, the Court does not appear to have believed that it was really changing the Rule 8 or Rule 12(b)(6) framework.[20]

Civil Rule 8 (and *Twombly*) notwithstanding, Rule 9(b) also imposes an additional pleading requirement when a complaint sets forth a claim for fraud: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The purpose of Rule 9's *heightened pleading* standard is "to safeguard defendants against spurious charges of immoral and fraudulent behavior."[21] When a party files an adversary complaint in bankruptcy court that alleges non-dischargability of a debt pursuant to 11 U.S.C.A. § 523(a), courts

---

[18] *Twombly, supra,* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[19] *Iqbal, supra.*

[20] *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

[21] *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

apply this same heightened pleading standard.[22] This Court has also held that the heightened pleading standard applies specifically to NJCFA claims, such as the one in this case.[23]

When deciding a Rule 12(b)(6) motion, courts may consider documents attached to or incorporated in the complaint.[24] Although the level of factual particularity that is required will vary depending on the individual case, it is sufficient when the complaint identifies circumstances that indicate conscious behavior on the part of the defendant.[25] The key is whether the complaint conveys sufficient knowledge upon the adverse party so that they are able to prepare a responsive pleading.[26]

In this case, counsel for Mr. Altieri has filed a Rule 12(b)(6) motion arguing that the Holdens have failed to meet their burden under 11 U.S.C.A. § 523(a) and Civil Rule 9(b), but ironically, the only detail that the motion identifies as missing from the complaint is a transcript of the proceedings in the case below. Excluding that single sentence from page four of Mr. Altieri's motion, the rest of the argument is boilerplate, all of which fails to put forth any compelling reason why *this* case should be dismissed, or why *this* pleading is faulty.

To the contrary, the complaint is fairly detailed. The Holdens set forth facts that establish their relationship with Mr. Altieri, the

---

[22] *See, e.g., In re NorVergence, Inc.*, 384 B.R. 315, 362 (D.N.J. 2008) ("Whenever a plaintiff makes an allegation of fraud, the heightened pleading requirements of [Civil Rule 9(b)] ... must be met in order to survive a 12(b)(6) motion to dismiss.").

[23] *See id.* (citing *F.D.I.C. v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994).

[24] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

[25] *See In re NorVergence, supra*, at 362–63.

[26] *See id.*

relevant dates involved, and the specific conduct that was the basis for their state court lawsuit.[27] In addition, the Holdens attached the trial court's entry of judgment, which orders Mr. Altieri to pay $1,228,603.70 to the Holdens for violations of the NJCFA.[28]

As was the situation in the case relied upon by Mr. Altieri, the judgment attached to the complaint implies facts that provide evidence that the Debtor's behavior may have been more than reckless. "Whether these acts [were] done with the requisite malice would be a determination made at the dischargeability hearing."[29]

As was the situation in *In re Dawson*,[30] there isn't any question whether the debtor here is on notice of the specific nature of the action, and the facts upon which the objection to dischargeability is based. The complaint provides a time frame within which the fraud occurred, identifies the debtor as the individual who perpetrated the fraud, and describes the fraudulent activity.[31]

In *In re NorVergence*, defendant Nortel Networks argued that the complaint failed to identify a specific material representation that was attributable to the plaintiffs' loss, however, this Court determined that because the parties had not yet conducted discovery, dismissing the complaint on that basis would be premature.[32]

In that same case, defendant Qwest Communications argued that the complaint failed to allege knowledge of the alleged misrepresentation, and that the claim should be dismissed because a finding

---

[27] (Compl. ¶ 7.)
[28] (Compl., Ex. A.)
[29] *In re Dawson*, 264 B.R. 13, 17 (N.D. Iowa 2001).
[30] *See id.* at 16.
[31] (Compl. ¶ 7.)
[32] *See supra*, 384 B.R. 315 at 361.

of knowing nondisclosure would also require finding that the defendant knew the fact that was not disclosed.[33] Noting that the complaint did allege that the defendant "knew or should have known" about the misrepresentation, this Court found that at such an early point in the litigation, it wasn't clear exactly who knew what. Using that reasoning, this Court overruled the motion to dismiss.

This case doesn't rise even nearly to the level of complexity as the *NorVergence* case; here, there is just one defendant, and only a husband–wife plaintiff. The complaint states that the debtor, Mr. Altieri, violated the NJCFA by entering into a construction contract to perform renovations on the Holdens' home, that he took their money, and then he failed to perform the work.

In addition, attached to the complaint is the trial court's entry of judgment against Mr. Altieri, which includes findings that he violated the NJCFA. Contrary to the belief of Mr. Altieri's attorney, there is no known authority requiring that the complaint demonstrate "actual fraud."[34]

Without providing any case law or other authority for her contention, counsel for Mr. Altieri suggests the complaint is defective, or should be dismissed because the Holdens did not include a transcript of the proceedings below. But the fact that the complaint provides details of *who, what, where,* and *when* more than satisfies Civil Rule 9(b), which is why this Court should overrule the motion to dismiss.

---

[33] *See id.*
[34] (*See* Def.'s Br. at 4.)

## CONCLUSION

Because the complaint sufficiently alleges facts that establish non-dischargability of Mr. Altieri's debt to the Holdens, this Court should overrule the motion to dismiss.

                              LAW OFFICES OF JEFFREY M. BLOOM
                              *Attorneys for the Plaintiffs*

26 April 2011             By: _____
                              Joseph A. Bahgat
                              *On the Brief*