<u>NOT FOR PUBLICATION</u>



**FILED**
JAMES J. WALDRON, CLERK

**AUG. 20, 2012**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: <u>s/ Ronnie Plasner,</u> DEPUTY

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: **NICHOLAS JOHN ALTIERI,** Debtor. | Case No.: 11-12819 (DHS) <br><br> Judge: Donald H. Steckroth, U.S.B.J. |
| **MARK AND SHONA HOLDEN,** Plaintiffs, <br><br> v. <br><br> **NICK ALTIERI,** Defendant. | Adv. No.: 11-1196 (DHS) |

<u>**OPINION**</u>

**APPEARANCES:**

**LAW OFFICES OF JEFFREY M. BLOOM**
Jeffrey M. Bloom, Esq.
5700 Bergenline Avenue
West New York, New Jersey 07093
*Counsel for Plaintiffs*


**THE GLORIA LAW GROUP, P.C.**
Laura S. Munzer, Esq.
241 Hudson Street
Hackensack, New Jersey 07601
*Counsel for Defendant*

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

Before the Court is a motion filed by Nicholas J. Altieri ("Debtor") seeking to dismiss the amended complaint of Mark and Shona Holden ("Plaintiffs") for failure to state a claim. The amended complaint contests the dischargeability of debts incurred by the Debtor over the course of a failed project to renovate the Plaintiffs' home. The Plaintiffs' initial complaint was dismissed by this Court for failing to set forth a claim under 11 U.S.C. § 523(a)(2)(A) with the degree of particularity required by Federal Rule of Civil Procedure 9(b). The Court granted the Plaintiffs leave to file an amended complaint in order to cure the defects of the first complaint. The Debtor argues that the amended complaint still fails to state a claim under Rule 9(b) and that the Plaintiffs' repeated failure to meet the pleading standard warrants a dismissal of this adversary proceeding with prejudice. The Plaintiffs argue that the Debtor's motion should be denied because the complaint has been amended to include facts that supported a state court judgment against the Debtor for violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("NJCFA").

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The Plaintiffs entered into a contract with the Debtor to renovate their home in early 2007. Between March 2007 and January 2008, the Plaintiffs allegedly paid the Debtor over $250,000 for work performed in a substandard manner that ultimately had to be torn down. (Pls.' Am. Compl., ¶¶ 7-18) The Plaintiffs sued the Debtor alleging violations of the NJCFA. In October 2008, the Superior Court of New Jersey entered a judgment against the Debtor in the amount of $1,228,603.70. (Pls.' Am. Compl., ¶¶ 19-21)

On January 31, 2011, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code. On February 14, 2011, the Plaintiffs filed a one-count complaint seeking a

3

judgment of nondischargeability pursuant to 11 U.S.C. § 523(a)(2)(A). (Def.'s Br. in Opp'n, at p. 2) The complaint asserts that the Debtor received payments from the Plaintiffs for construction services and related supplies by way of "false pretenses, a false representation, or actual fraud," and seeks to prevent these debts from being discharged. (Pls.' Am. Compl., ¶¶ 25, 26) On May 17, 2011, this Court dismissed the original complaint for failing to state a claim upon which relief can be granted and granted the Plaintiffs leave to file an amended complaint. On May 26, 2011, the Plaintiffs filed an amended complaint, which they argue complies with the particularity requirement of Rule 9(b).

## **DISCUSSION**

**I.    Standard**

Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012, provides that a motion to dismiss may be granted if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Bankr. P. 7012; Fed. R. Civ. P. 12(b)(6). A complaint is sufficient as long as it provides the opposing party with notice of claims against it and includes "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Alleghany*, 515 F.3d 224, 233 (3d Cir. 2008) (citations and quotations omitted). However, factual allegations "must be enough to raise the right to relief above the speculative level" and "should 'plausibly suggest[ ]' that the pleader is entitled to relief." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557

(2007)). A complaint may be found implausible in the context of a Rule 12(b)(6) motion to dismiss if its allegations "are too conclusory or the complaint fails to include essential facts about the elements of a claim." *In re Neale*, 440 B.R. 510, 518 (Bankr. W.D. Wis. 2010).

Furthermore, Federal Rule of Civil Procedure 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Thus, a complaint seeking a judgment of nondischargeability under section 523(a)(2)(A) due to a debtor's fraud must meet the heightened pleading requirement of Rule 9(b), which is made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7009. *In re Glunk*, 343 B.R. 754, 757 (Bankr. E.D. Pa. 2006) (citing *In re Kroen,* 280 B.R. 347, 350 n. 2 (Bankr. D.N.J. 2002)).

## II.     Section 523(a)(2)(A)

The Plaintiffs' amended complaint consists of an objection to discharge under 11 U.S.C. § 523(a)(2)(A). This section provides:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . .

11 U.S.C. § 523(a)(2)(A).

This subsection is designed to prevent debtors from retaining the benefit of money or property obtained through frauds involving "moral turpitude or intentional wrong." *In re Reath*, 368 B.R. 415, 422 (Bankr. D.N.J. 2006). Although the terms "false pretenses," "false representation," and "actual fraud" refer to different concepts, they are closely related and each requires a plaintiff to demonstrate "proof of false or deceptive conduct, fraudulent intent, and

5

justifiable reliance." *Neale*, 440 B.R. at 521 (citing *Mayer v. Spanel Int'l,* 51 F.3d 670, 674 (7th Cir. 1995)). Actual fraud "consists of any deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another." *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995) (quoting 4 Lawrence P. King, Collier on Bankruptcy ¶ 523.08 [5] at 523–57 to –58 (15th Ed. Rev. 1994)). False pretenses has been defined as "an implied misrepresentation promoted knowingly and willingly that creates a misleading understanding of the transaction by the plaintiff." *In re Giquinto*, 388 B.R. 152, 165 n. 26 (Bankr. E.D. Pa. 2008). A false representation consists of a "false or misleading statement about something, usually with the intent to deceive." *In re Dobrayel,* 287 B.R. 3, 12 (Bankr. S.D.N.Y. 2002) (citing BLACK'S LAW DICTIONARY 619 (7th ed. 1999)). In applying section 523(a)(2)(A), courts typically require proof that the debtor:

(a) obtained money, property or services;

(b) after falsely representing a material fact, opinion, intention or law;

(c) that the debtor knew at the time was false (or was made with reckless disregard for its truth);

(d) the debtor intended that the plaintiff rely on that statement;

(e) the plaintiff actually relied on that statement and the reliance was justified; and

(f) the plaintiff sustained damages as the proximate result of the false representation.

*In re Purington*, 2012 WL 1945510, at *9 (Bankr. D.N.J. May 30, 2012) (citing *In re Softcheck*, 2009 WL 4747527, at *6-7 (Bankr. D.N.J. Dec. 4, 2009)).

Moreover, in the context of dischargeability claims under section 523(a)(2)(A), courts have applied Rule 9(b) to require specific details identifying the fraudulent statements and the reasons why they are fraudulent. *Neale*, 440 B.R. at 518; s*ee In re Permahos*, 2011 Lexis 718, at *5 (Bankr. D.N.J. Feb. 24, 2011) ("Pleading fraud requires the complaint to include specificity as to the 'circumstances constituting fraud' such as the 'who, what, when, where and how.'"). The

6

purpose of the particularity requirement is to "place the defendants on notice of the precise misconduct with which they are charged." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984).

Here, it is clear that even when read in a light most favorable to the Plaintiffs, the amended complaint fails to state a claim for relief. The complaint is deficient in that it fails to: (1) assert that the Debtor had the intent to defraud the Plaintiffs, (2) assert that the Debtor obtained money from the Plaintiffs on the basis of the alleged misrepresentations, and (3) allege the facts underlying the fraud claims with particularity.

### 1. Fraudulent Intent

As noted above, intent is an essential element of a fraud claim under section 523(a)(2)(A). *See Palmacci v. Umpierrez*, 121 F.3d 781, 789 (1st Cir. 1997) (noting that section 523(a)(2)(A) requires "an actual finding of intent to deceive"). For instance, a common way of proving intent to deceive is to show that a debtor entered a contract without intending to fulfill its terms. *In re Wiszniewski*, 2010 WL 3488960, at *5 (Bankr. N.D. Ill. Aug. 31, 2010); s*ee In re Balzano*, 127 B.R. 524, 531 (Bankr. E.D.N.Y. 1991) ("A fraudulent promise under § 523(a)(2)(A) requires proof that at the time the debtor made it, he or she did not intend to perform as required."). Instead of alleging facts indicating that the Debtor intended to deceive the Plaintiffs, the Plaintiffs argue that the state court's NJCFA judgment is sufficient to show that the money received by the Debtor was obtained through false pretenses, false representations, or fraud. (Pls.' Am. Compl., ¶¶ 32-34) This argument ignores the fact that intent is not an essential element of NJCFA violations. *Allen v. V and A Bros., Inc.,* 208 N.J. 114, 133 (2011). That the Plaintiffs obtained a state-court judgment against the Debtor under the NJCFA is irrelevant to the issue of the dischargeability of the debt in question because the NJCFA applies a strict liability

7

standard to unlawful conduct by contractors while section 523(a)(2)(A) requires actual intent to defraud. *See Purington*, 2012 WL 1945510, at *13 (holding that a debtor's violation of the NJCFA did not render a debt nondischargeable because the NJCFA does not require the element of intent to deceive).

While the Plaintiffs rely primarily on the state court's findings, they do provide some factual allegations to support their fraud claims. Furthermore, because direct proof of intent to defraud is rarely available, courts may infer the element of intent based on circumstantial evidence. *See Balzano*, 127 B.R. at 531. However, while intent may be inferred, "it cannot be presumed." *Id.* Here, the complaint alleges that after accepting money for construction services, the Debtor misrepresented the quantity and quality of supplies ordered for the project, failed to follow architectural plans or pay sub-contractors, did work of substandard quality, and used money for personal purposes before abandoning the project prior to completion. (Pls.' Am. Compl., ¶¶ 26-31) While these allegations might suggest that some fraud occurred, nothing in the complaint indicates that the Debtor's failures were the product of a deliberate scheme to defraud as opposed to negligence or poor project management. Similarly, alleging that the Debtor repeatedly represented that the work would be of high quality and performed on time does not lead to an inference of fraudulent intent without additional facts demonstrating that the promises were never meant to be kept. *See Balzano*, 127 B.R. at 531 ("A bare promise to be fulfilled in the future, which is not carried out, does not render a consequent debt nondischargeable under § 523(a)(2)(A)."). Because the complaint does not allege facts suggesting that the Debtor intentionally acted to defraud the Plaintiffs, it fails to state a claim under section 523(a)(2)(A).

### 2. Timing of the Alleged Misrepresentations

Furthermore, the amended complaint fails to state a claim because the alleged misrepresentations were made after the last payment to the Debtor was completed and therefore could not possibly have been relied upon by the Plaintiffs. As previously noted, section 523(a)(2)(A) provides that individuals may not be discharged from debts arising out of "money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . fraud." The amended complaint alleges that the Debtor assured the Plaintiffs that he would complete the renovations in "early February 2008," and then walked off the job later that month. (Pls.' Am. Compl., ¶¶ 13-14) This allegation might constitute a false representation had it induced the Plaintiffs to provide additional payments, but the complaint clearly states that January 2008 was the last month in which the Plaintiffs paid the Debtor. (*Id.* at ¶ 8) Because the allegedly misleading statement was made after the Debtor received his last payment, the Plaintiffs could not have relied upon the Debtor's assurances to their detriment. Additionally, the complaint asserts that the Debtor misrepresented that certain supplies were in storage after the Plaintiffs had already "paid Defendant for them." (Pls.' Am. Compl., ¶¶ 26-27) This allegation is insufficient for the same reason: it reveals that the Debtor obtained payment for the supplies before the alleged misrepresentation was made. Thus, the amended complaint fails to state a claim for relief because it lacks the element of section 523(a)(2)(A) requiring a false representation that induces a plaintiff's reliance.

### 3. Rule 9(b) Particularity Requirement

Finally, despite being afforded multiple opportunities to do so, the Plaintiffs have failed to plead facts that meet the heightened particularity requirement of Rule 9(b). The crux of the

9

amended complaint is that the Debtor engaged in "false pretenses, false representations, and/or fraud in connection with the Debtor's inducing Plaintiffs regularly to advance funds for an ongoing project that were not being used on the project." (Pls.' Am. Compl., ¶ 32) These allegations are conclusory because the complaint does not identify specific actions by the Debtor that meet the elements of actual fraud, false pretenses, or false representation. For instance the complaint alleges that the Debtor engaged in fraud by, "repeatedly represent[ing] . . . that he always finished jobs on time, on budget and with the highest quality" and by "repeatedly represent[ing] . . . that supplies were in storage." (*Id.* at ¶¶ 10-12) These claims do not meet the requirements of Rule 9(b) because they do not include details evidencing how these representations induced the Plaintiffs' reliance or describing the time, place, and manner in which they were made. *See Neale*, 440 B.R. 510 at 518 (stating that "Rule 9(b) particularity is 'the who, what, when, where, and how: the first paragraph of any newspaper story'") (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Merely alleging that the Debtor repeatedly made various misrepresentations regarding the quality of his work, the location of supplies, and the time in which the project would be finished without providing more detail does not give the Debtor adequate notice of the claims against him. Therefore, the Plaintiffs have failed to adequately state a claim under Rule 9(b).

Thus, even when read in a light most favorable to the Plaintiffs, the amended complaint fails to state a claim upon which relief can be granted. After their initial complaint was dismissed for failing to meet the heightened pleading requirement of Rule 9(b), the Plaintiffs were provided an opportunity to cure its defects. Nonetheless, the Plaintiffs have failed yet again to provide a sufficient factual basis for their allegations of fraud. Accordingly, the Court will dismiss the amended complaint with prejudice. *See Neale*, 440 B.R. 510 at 523 (dismissing a

complaint under Rule 12(b)(6) with prejudice after plaintiff failed to plead § 523(a)(2)(A) claim with particularity despite having multiple opportunities to do so).

## **CONCLUSION**

For the foregoing reasons, the Debtor's motion to dismiss is granted. The complaint is hereby dismissed with prejudice.

An Order in support of this Opinion has been entered by the Court and a copy is attached hereto.

*s/ Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: August 16, 2012